Filing # 62663016 E-Filed 10/11/2017 12:15:59 AM

IN THE CIRCUIT COURT FOR THE
FOURTH JUDICIAL CIRCUIT IN AND
FOR DUVAL COUNTY, FLORIDA

CASE NO. :

DIVISION: CV-_____

LUKE L. WHITE, an individual,

    Plaintiffs,

vs.                 3:18-cv-1175-J-20PDB

OFFICER B.L. KELLY, in his individual and official
Capacity, OFFICER R.L. SCOTT, in his individual and official
Capacity, OFICER D.B. HICKEY, in his individual capacity
and official capacity, MIKE WILLIAMS, in his official
capacity as Sheriff of the Consolidated City of Jacksonville,
Florida, THE CITY OF JACKSONVILLE,
a municipality of the State of Florida, DETECTIVE
W.C. SWANSON, in his individual and official capacity,

    Defendants.
_____/

### COMPLAINT FOR MONETARY DAMAGES AND DEMAND FOR JURY TRIAL

*COMES NOW,* Plaintiff, **LUKE WHITE**, in his individual capacity, bring this suit seeking monetary damages, attorney's fees and costs against Defendants and allege the following:

#### Preface

This is an action to recover monetary damages resulting from the wrongful acts of Defendants against Luke White, a minor at the time of the incident, and Liza White, his natural parent and legal guardian. The Plaintiff brings this lawsuit as a result of multiple violations of Luke White's rights guaranteed by State and Federal law.

On October 11, 2013, Luke White, age 17, was visiting a friend's house. He left the house and drove away with his friend Wyatt Derks. The police officers contacted Wyatt's

father Jason Derks, who contacted his son and asked him to return to his residence at 11648 Pine Acres Road. Upon arrival, Luke and Wyatt exited the vehicle. Luke was asked by the officers for permission to search the vehicle. Luke denied the request for consent, and after doing so, the police grabbed him by the arms, turned him around, and then slammed him chest first against the car with his head striking the roof of the car, causing injury. Luke was restrained, not resisting the officers, and complied with their directives. The use of force was unreasonable and unnecessary and constitutes excessive force.[1] The use of force was the product of retaliation for the exercise of his First Amendment rights, resulted in an unlawful seizure, excessive use of force, and for the interference with the Plaintiff's association rights and familial association.

As a result of the use of force, the Plaintiff Luke White received injuries causally related to the constitutional violations.

1. This is an action for monetary damages, attorney's fees and costs for the deprivation of Plaintiffs rights secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution as well as claims under the Florida law.

## JURISDICTION AND VENUE

2. The Plaintiffs invoke the jurisdiction of this circuit court pursuant to Section 1983 and Section 1988 as the state court has concurrent jurisdiction to decide all federal claims raised in the complaint.[2] The circuit court has jurisdiction as the damages are in excess of $15,000.00.

---

[1] *Reese v. Herbert*, 527 F.3d 1253, 1273-74 (11th Cir. 2008). *Lee,* 284 F. 3d at 1998 (allowing an excessive force claim where an arrestee was slammed into the hood of the car while in handcuffs and wasn't resisting, fleeing or evading the police. The Defendants are not entitled to qualified immunity and the law is clearly established.
[2] 28 U.S.C. Section 1367.

3. Venue in this Court is proper in that the acts complained of herein occurred in Duval County

## PARTIES

4. The Plaintiff, **LUKE WHITE**, was at all times relevant, a resident of Jacksonville, Duval County, Florida, and is a citizen of the United States.

5. The Plaintiff, **LIZA WHITE**, is the mother of Luke White, and his natural guardian, and at all times material hereto, and is domiciled in Duval County and a citizen of the United States.

6. The Defendant, **MIKE WILLIAMS**, in his official capacity as the Sheriff of Duval County, Florida, and at all times material hereto, responsible for the supervision, training, instruction, discipline, control and conduct of police officers of the Jacksonville Sheriff's Office ("JSO") and made policies for the JSO with respect to searches, seizure, arrest, use of force, and speech.

7. At all times hereto, Defendant Williams had the power, right and duty to train and control his officers, agents, and employees to conform to the Constitution of the United States and to ensure that all orders, rules, instructions, and regulations promulgated for the SO were consistent with the Constitution of the United States. At all times material hereto, his agents and employees were acting under the color of State law.

8. Defendants, **OFFICER B.L. KELLY, OFFICER R.L. SCOTT, OFICER D.B. HICKEY** and **DET. SWANSON** were at all times material hereto, sworn law enforcement officers of the JSO, acting pursuant to the general orders and standing operating

procedures promulgated by the Sheriff Mike Williams and in accordance with the official policies of the agency.

9. At all times material hereto, the Officers acted based upon the actual policies as promulgated or the customs of the agency both of which are the policy of the JSO.

## Common Allegations of Fact

13. On or about October 1, 2013, Luke White, age 17, was with his friend Wyatt Derks and visiting at a friend's house.

14. He left the house with his friend Wyatt Derks. A neighbor contacted the police reporting the noise as firecrackers or possibly shots (CCR No. 2013-70224).

15. The police officers contacted Wyatt's father, Jason Derks, who contacted his son and asked him to return to his residence at 11648 Pine Acres Road to talk police officers about the incident.

16. Upon arrival, Luke and Wyatt exited the vehicle. Luke was asked by the officers for permission to search the vehicle. Luke verbally denied the request for consent, and after doing so, the police grabbed him by the arms, turned him around, and then slammed him chest first against the car with his head striking the roof of the car, causing injury. Luke was restrained, was not resisting the officers, and complied with their directives.
The use of force was unreasonable and unnecessary and constitutes excessive force.[3] The use of force was the product of retaliation for the exercise of his First Amendment rights,

---

[3] *Reese v. Herbert*, 527 F.3d 1253, 1273-74 (11th Cir. 2008). *Lee*, 284 F. 3d at 1998 (allowing an excessive force claim where an arrestee was slammed into the hood of the car while in handcuffs and wasn't resisting, fleeing or evading the police. The Defendants are not entitled to qualified immunity and the law is clearly established.

4

resulted in an unlawful seizure, excessive use of force, and for the interference with the Plaintiff's association rights and familial association.

17. The officers then transported Wyatt and White to the Police Memorial Building for questioning by Det. Swanson.

18. The vehicle was then towed and held for aggravated battery on the instruction of Detective Swanson. The vehicle was then searched prior to the tow. No weapons were found or located in the vehicle.

19. The officers lacked any probable cause to arrest, seize or detain the Plaintiff.

20. The use of force utilized against the Plaintiff upon taking him into custody and while he was restrained was excessive and unreasonable, resulting in injuries which are more than *de minimus* cuts and bruises.

21. As a direct and proximate result of the willful and deliberate actions of the Defendants, the Plaintiff suffered mental, physical, and emotional pain and suffering which are continuing in nature.

22. As a direct and proximate result of the willful and deliberate actions of the Defendants, the Plaintiff has suffered grievously, and have been brought into public scandal, and with great humiliation, mental suffering, loss of society and comfort, and the losses are continuing in nature.

23. Furthermore, Plaintiff's Estate suffered medical expenses, pain and suffering, loss of earnings, and loss of capacity for the enjoyment of life.

## COUNT I – VIOLATION OF 42 U.S.C. SECTION 1983

### (STATE OF FLORIDA—POLICY "MOVING FORCE" FOR CONSTITUTIONAL DEPRIVATION)

24. The Plaintiff re-alleges the factual allegations in paragraphs 1 through 23 which are incorporated by reference.

25. Defendant, Sheriff Williams, his agents and/or employees, acting within their authority and under color of State law, instituted or followed practices, customs, and policies which were the moving force behind the deprivation of Plaintiff's rights to be free from the unreasonable searches and seizures and to engage in protected First Amendment Speech, and to be free from excessive force, which is actionable under 42 U.S.C. Section 1983 as a violation of the First, Fourth, and Fourteenth Amendments to the United States Constitution. Additionally, by failing to discipline the officers following the complaint filed with IA for excessive force, Sheriff Mike Williams has ratified the officers' decisions and reasons for those decisions, thus constituting a practice, custom or policy. Alternatively, Defendant Officers are the final policymakers for Defendant Williams as their decisions were not immediately or effectively reviewable. Alternatively, Defendant Williams, his agents and employees, acting within their authority and under color of state law, failed to adequately train his agents and employees with respect to conducting searches, seizures, use of force, speech, despite the obvious and apparent need for such training.

26. As a direct and proximate result of the willful and deliberate actions or inactions of Defendant Sheriff Williams, Plaintiff has suffered damages including but not limited to loss of liberty, monetary loss of earnings, injury to reputation, humiliation and severe emotional and psychological distress.

27. The actions or inactions alleged above were undertaken or failed to be undertaken because of the Defendant's willful, wanton, callous and knowing disregard of the clearly established rights of Plaintiff as guaranteed by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

## COUNT II – VIOLATION OF 42 U.S.C. SECTION 1983
(4th Amendment Search & Seizure Swanson)

28. Plaintiff re-alleges the factual allegations in paragraphs 1 through 23.

29. The Plaintiff sues Defendant Swanson for violating Plaintiff's civil rights by objectively and unreasonably seizing his person, taking him into custody, and impounding the vehicle and conducting an inventory search of his car (after he refused consent to search) which was the moving force causing his injuries and is actionable under 42 U.S.C. Section 1983 in violation of the 4th and 14th Amendments.

30. The search and seizure occurred without any probable cause or arguable probable cause that Plaintiff White has possessed a firearm, fired the weapon, and that the weapon was possessed and transported in his vehicle.

31. As a direct and proximate result of the willful, wanton and deliberate actions or inactions of the Defendant, Plaintiff has suffered grievously, and have been brought into public scandal, and with great humiliation, mental suffering, loss of society and comfort, reputation, loss of earnings, and severe emotional and psychological distress.

32. The actions or inactions alleged above were undertaken or failed to be undertaken because of the Defendants' willful, wanton, callous and knowing disregard of the

clearly established rights of Plaintiff to be free from an unreasonable search and seizure as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT III—VIOLATION OF 42 U.S.C. SECTION 1983
(Excessive Force Kelly, Scott, Hickey)

33. Plaintiff re-alleges the factual allegations contained in paragraphs 1 through 23.

34. The Plaintiff sues Defendant Officers Kelly, Scott, Hickey for the excessive force utilized during the seizure which deprived Plaintiff of his right to be free from the excessive use of force causing his injuries and is actionable under 42 U.S.C. Section 1983 as a violation of the Fourth and Fourteenth Amendments to the United States Constitution.

35. The force used by the Defendant Officers was objectively unreasonable and unnecessary to effectuate a lawful arrest or to respond to force utilized against these officers.

36. As a direct and proximate result of the willful and deliberate actions or inactions of the Defendants, the Plaintiff has suffered grievously, and has been brought into public scandal, and with great humiliation, mental suffering, loss of society and comfort and the loss of earnings, and severe emotional and psychological distress.

37. The actions or inactions alleged above were undertaken or failed to be undertaken because of the Defendants' willful, wanton, callous and knowing disregard of the clearly established rights of Plaintiff to be free from excessive force as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

**WHEREFORE**, the Plaintiffs respectfully pray this Court will award the following relief, and any and all other relief deemed appropriate:

A. Judgment for damages as provided by law for the deliberate indifference to the Plaintiff's constitutional rights;

B. Judgment for Punitive damages against the individual defendant officers;

C. An award of reasonable attorney's fees and costs pursuant to 42 U.S.C. Section 1988, as to those counts alleging federal claims to which attorney's fees are recoverable;

D. Any other equitable and legal relief which the court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues (injunctive relief notwithstanding).

DATED THIS __10th__ Day of __October__ 2017.

*Respectfully submitted,*

**Robert J. Slama, P.A.**
**6817 Southpoint Pkwy**
**Ste. 2504**
**Jacksonville, FL 32216**

___/s/ Robert J. Slama, Esquire___
**Robert J. Slama, Esquire**
Fl. Bar. No.: **919969**
(904)296-1050 Telephone
(904)296-1844 Facsimile
Email:support@RobertJSlamaPA.com
**Attorney for Plaintiffs**

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that a copy of this Complaint was filed on CORE by electronic filing on this __10th__ day of October, 2017.

BY: /s/ Robert J. Slama
Robert J. Slama, Esquire